# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Marcell Williams,

     Plaintiff

v.

James Scally, et al.,

     Defendants

Case No.: 2:22-cv-00624-APG-NJK

**Order**

Plaintiff Marcell Williams brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at Southern Desert Correctional Center and Ely State Prison. ECF No. 4.  On June 2, 2022, I ordered Williams to file an amended complaint by July 6, 2022. ECF No. 3 at 11-12.  I warned Williams that the action could be dismissed if he failed to file an amended complaint by that deadline. *Id.* at 12. That deadline expired and Williams did not file an amended complaint, move for an extension, or otherwise respond.

District courts have the inherent power to control their dockets, and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order).  In determining whether to dismiss an action on one of these grounds, I must consider:

(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors (the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket), weigh in favor of dismissal of Williams's claims. The third factor (risk of prejudice to the defendants) also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor (the public policy favoring disposition of cases on their merits) is greatly outweighed by the factors favoring dismissal.

The fifth factor requires me to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed

1  unless Williams files an amended complaint, the only alternative is to enter a second order

2  setting another deadline.  But the reality of repeating an ignored order is that it often only delays

3  the inevitable and squanders the court's finite resources.  The circumstances here do not indicate

4  that this case will be an exception: there is no hint that Williams needs additional time or

5  evidence that he did not receive the screening order.  Setting another deadline is not a

6  meaningful alternative given these circumstances.  So the fifth factor favors dismissal.

7       I THEREFORE ORDER that this action is dismissed without prejudice based on

8  Williams's failure to file an amended complaint in compliance with my June 2, 2022 order and

9  his failure to state a claim.  The Clerk of the Court is directed to enter judgment accordingly and

10  close this case.  No other documents may be filed in this now-closed case . If Williams wishes to

11  pursue his claims, he must file a complaint in a new case.

12       I FURTHER ORDER that the application to proceed *in forma pauperis* without having to

13  prepay the filing fee (ECF No. 1) is **GRANTED**.  Williams need not pay an initial installment

14  fee, prepay fees or costs, or provide security for fees or costs, but he is still required to pay the

15  full $350 filing fee under 28 U.S.C. § 1915, as amended.  This full filing fee remains due and

16  owing even though this case is being dismissed.

17       I FURTER ORDER that the Nevada Department of Corrections must forward payments

18  from the account of **Marcell Williams, #1120655** to the Clerk of the United States District

19  Court, District of Nevada, 20% of the preceding month's deposits (in months that the account

20  exceeds $10.00) until the full $350 filing fee has been paid for this action.  The Clerk is directed

21  / / / /

22

23

to **SEND** copies of this order to the Finance Division of the Clerk's Office and to the attention of **Chief of Inmate Services for the Nevada Department of Corrections**, P.O. Box 7011, Carson City, NV 89702.

Dated: July 15, 2022

_____
U.S. District Judge